IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY OLIVER,

        Plaintiff,

        v.

KATE COOPER RICHARDSON,
individual and official capacity,
BETH NELSON, individual capacity,
and DOES 1–10,

        Defendants.

Case No. 6:23-cv-00013-MC

ORDER

**MCSHANE, Judge**:

        Plaintiff Anthony Oliver, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Defendants Kate Cooper Richardson and Beth Nelson. On January 3, 2023, Plaintiff filed an application to proceed *in forma pauperis* (IFP). ECF No. 2. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to 28 U.S.C. § 1915(e)(2), a district court must screen applications and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs

1 – ORDER

liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Reading the Complaint liberally, it appears that this case involves a domestic relations matter. Plaintiff alleges that on February 5, 2020, he became aware that he is the father of a child residing in Eugene, Oregon. Pl.'s Compl. 3, ECF No. 1. Although the mother of Plaintiff's alleged child does not wish to be in contact, Plaintiff sent a private investigator to her home to confirm that the child "clearly . . . resemble[s] the Plaintiff." *Id.* at 4. Two years later, on January 10, 2022, Plaintiff petitioned the Oregon Department of Justice ("Oregon DOJ") to "file a court case on his behalf." *Id.* at 4. Plaintiff alleges that he spoke with Defendant Cooper Richardson, administrator of the Oregon DOJ Child Support Division, who apparently told Plaintiff that she would not help him with his petition, because "she hated prisoners."[1] *Id.* at 4–5. Plaintiff has now filed a First Amendment right to petition claim under 42 U.S.C. § 1983, against Defendant Cooper Richardson, and Plaintiff's social worker (Defendant Nelson), seeking, among other things, an order "directing the Defendants to immediately file a [c]ourt action on behalf of the Plaintiff." Pl.'s Compl. 13.

Although the Court finds that Plaintiff's financial status renders him eligible to proceed IFP, Plaintiff has failed to establish that he has a valid, nonfrivolous legal claim against Defendants Cooper Richardson and Nelson. Plaintiff has no right to compel the Oregon DOJ to act as his legal representative or to file a child custody petition on his behalf. If Plaintiff wishes to establish paternity rights and to seek custody of his alleged child, he must file a petition through the Oregon state courts. Moreover, this Court does not have federal jurisdiction over a

---

[1] At the time of filing his Complaint, Plaintiff was an inmate at Coffee Correctional Facility in Nicholls, Georgia. Pl.'s Compl. 1.

2 – ORDER

state law child custody matter. "When family law is at issue, federal courts have held abstention is particularly appropriate." *Climate Change truth, Inc. v. Bailey*, Case No. 3:22-cv-654-AR, 2022 WL 1422078 (D. Or. May 5, 2022) (citing *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985)) (internal quotation marks omitted); *see Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("The strong state interest in domestic relations matters . . . makes federal abstention in [such] cases appropriate.").

Because Plaintiff's constitutional claim against Defendants is frivolous, and this case sounds in family law, the Court will abstain from exercising its jurisdiction. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED, however the Complaint (ECF No. 1) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 20th day of March 2023.

                                                      _____/s/ Michael J. McShane_____
                                                      Michael McShane
                                                  United States District Judge

state law child custody matter. "When family law is at issue, federal courts have held abstention is particularly appropriate." *Climate Change truth, Inc. v. Bailey*, Case No. 3:22-cv-654-AR, 2022 WL 1422078 (D. Or. May 5, 2022) (citing *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985)) (internal quotation marks omitted); *see Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("The strong state interest in domestic relations matters . . . makes federal abstention in [such] cases appropriate.").

Because Plaintiff's constitutional claim against Defendants is frivolous, and this case sounds in family law, the Court will abstain from exercising its jurisdiction. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED, however the Complaint (ECF No. 1) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 20th day of March 2023.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge